UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Petitioner,

v.

OWEN L. ADOLPHSEN,

    Respondent.
_____/

Case No. 1:16-mc-96

Hon. Janet T. Neff
U.S. District Court Judge

Hon. Ellen S. Carmody
U.S. Magistrate Judge

**REPORT AND RECOMMENDATION**

    This is a proceeding brought pursuant to 26 U.S.C. § 7604 to enforce an administrative summons issued by the Internal Revenue Service (IRS) on March 16, 2016.  The summons relates to assessments and collection of respondent's federal income tax liability for the calendar years ending December 31, 2008, December 31, 2009, December 31, 2010 and December 31, 2011.  The summons directed respondent, Owen L. Adolphsen, to appear before Revenue Officer Michael Bryant on April 6, 2016 at 1270 Pontiac Road, Pontiac, Michigan, and to testify and produce books, records and other documents demanded in the summons.  Respondent did not appear in response to the summons.

    On October 12, 2016, petitioner filed suit to have the summons enforced.  (ECF No. 1 & 2.)  An Order of Reference to Magistrate Judge Ellen S. Carmody was entered on October 18, 2016. (ECF No. 5.)  On October 25, 2016, an Order to Show Cause (ECF No. 7) was issued, directing respondent to appear on December 6, 2016, to show cause why the respondent should not be compelled to obey the IRS summons, issued and served upon respondent on March 16,

2016.  The Order to Show Cause was personally served upon the respondent on November 7, 2016. (ECF No. 8.)  Respondent filed a Response ("Non-Statutory Abatement") and changed his address to "General Delivery" in Traverse City, Michigan, on November 14, 2016.  (ECF No. 9 and PageID.30.)  In the Response, Respondent Adolphsen states:

> I am returning your abandoned paper, and shall, henceforth, exercise My Right of Avoidance; for the reason: it is irregular, unauthorized, misnomered, defective upon it's face and utter1y void, and is, herewith, abated for being a public nuisance. There appear to be no factors which would warrant adjustment of the Abatement, due to a Conflict of Law.

(*Id*. at PageID.26.)  According to proofs offered by Petitioner United States, however, respondent telephoned petitioner's counsel on December 5, 2016 and requested the opportunity to respond to the IRS summons.  As a result, the Show Cause Hearing was rescheduled to January 30, 2017 (ECF No. 10) and then to February 23, 2017 (ECF No. 14) to accommodate petitioner's request and follow-up by Revenue Officer Bryant.  Petitioner responded with a letter and attachments dated December 15, 2016.  Pursuant to the Court's December 28, 2016 Order (ECF No. 11), those documents were filed as ECF No. 12.  Prior to the February 23, 2017 hearing date, both Notices of the rescheduled show cause hearing (ECF No. 10, 14) and the Court's Order (ECF No. 11) were returned, hand marked – "Undeliverable as Addressed Return to Sender."  (ECF No. 15, 16, 17.) On February 16, 21 and 23, 2017, two Letters and a Supplement from the respondent were filed as ECF No. 18, 19 and 21.

On February 23, 2017, the respondent, in fact, failed to appear at the 11:00 a.m. Show Cause Hearing.  (*See* Minutes, ECF No. 20.)  The Court was advised that Respondent Adolphsen did not attempt to contact the Petitioner United States, or Revenue Officer Bryant, and it was presumed that respondent was continuing to refuse to produce financial records and provide the

2

in-person testimony necessary to investigate his federal income tax liability for the years 2008, 2009, 2010 and 2011. According to additional proofs offered by Petitioner United States, after December 5, 2016, there was no further telephone contact with the respondent and all attempts by Revenue Officer Bryant to contact respondent by mail, were returned, hand marked – "Undeliverable as Addressed Return to Sender."

The record establishes a *prima facie* case in favor of enforcement: (1) the summons was issued for a legitimate purpose in determining the collection of respondent's tax liability for the years 2008, 2009, 2010 and 2011; (2) the summoned information is relevant to that purpose; (3) the summoned information was not already in the government's possession; (4) the administrative steps required by the Internal Revenue Code have been followed; and (5) there is no criminal referral to the Department of Justice in effect. *United States v. Powell*, 379 U.S. 48, 57-58 (1964); *see also United States v. Stuart*, 489 U.S. 353, 359 (1989); *United States v. Will*, 671 F.2d 963, 966 (6th Cir. 1982). After the United States presents a *prima facie* case, it is entitled to an enforcement order, unless the taxpayer can show that the IRS is attempting to abuse the court's process. *Stuart*, 489 U.S. at 360. The taxpayer carries the burden of proving an abuse of process. *Powell*, 379 U.S. at 58.

Here, none of respondent's responses (ECF No. 9), letters (ECF No. 12, 18, 19), or supplements (ECF No. 21) carry the burden of proving abuse of process. Courts confronting frivolous arguments against the constitutionality, validity, applicability, and mandatory character of the income tax often aptly quote *Crain v. Commissioner*, 737 F.2d 1417, 1417 (5th Cir.1984), which stated, "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."

Respondent Adolphsen's beliefs about the tax laws, as proffered, are far removed from the mainstream of jurisprudence. Due process does not require that this Court adopt and accept positions which have been repeatedly rejected by other courts and which, to a great extent, are unintelligible.

The authority to issue administrative summonses is part of the broad statutory charge to the Secretary of Treasury to inquire concerning "all persons ... who may be liable to pay any Internal Revenue tax." 26 U.S.C. § 7601. This power of inquiry is part of a "positive duty" upon the Secretary to investigate and audit persons who may be liable for taxes. *See United States v. Maczka*, 957 F.Supp. 988 (W.D.Mich.1996). Probable cause is not necessary to support an administrative summons. The Secretary may investigate on mere suspicion that the law is being violated, or even because he or she wants assurance that it is not. *Powell*, 379 U.S. at 57; *see also Russell v. United States*, 969 F.Supp. 24, 25 (W.D.Mich.1997). The validity or invalidity of the tax assessment is simply irrelevant to the validity of the summons. *United States v. Mueller*, 930 F.2d 10, 12 (8th Cir.1991); *see also Rich v. Cripe*, No. 97–6405, 1998 WL 894835, at *1 (6th Cir. Dec. 15, 1998) ("nonsensical" to argue that tax liability must be determined before information necessary to make that assessment has been acquired); *United States v. Vanderzand*, Nos. 1:97–MC–26, 27, 28, 29, 1997 WL 5726902, at *11 (W.D. Mich. June 3, 1997); *United States v. Heck*, No. 93–3310, 1994 WL 170766, at *2 (10th Cir. May 5, 1994); *United States v. Gardell*, No. 93–1916, 1994 WL 170797, at *1 (1st Cir. May 6, 1994).

Respondent has failed to appear and has not met his burden of demonstrating why the summons, including in-person testimony necessary to investigate his federal income tax liability for the years 2008, 2009, 20110, and 2011, should not be enforced. Respondent has not even

4

remotely met his burden to show that the IRS is attempting to abuse the Court's process. Such an abuse of process typically requires the showing of an improper purpose, such as to put pressure on him to settle a collateral dispute, or an intent to use civil process in aid of a criminal investigation. *See Stuart*, 489 U.S. at 360. None of respondent's filings shows any abuse of process or improper purpose. Accordingly, I recommend that the Court issue an order compelling respondent to comply with the IRS summons.

## Recommended Disposition

For the reasons set forth in detail above, I recommend that the Petition to Enforce IRS Summons (ECF No. 1-2) be granted, and that the Court order that respondent comply completely with that summons, including: 1) ensuring that Revenue Officer Michael Bryant of the IRS be in possession of the ordered information and documentation in Respondent Adolphsen's possession and/or control by the close of business April 28, 2017 or a date agreed to between the parties; 2) contacting Revenue Officer Michael Bryant by telephone at (248) 874-2235 on May 1, 2017 or a date and time agreed to between the parties and participating in a conference call with Revenue Officer Michael Bryant at that time; and 3) as determined by Revenue Officer Michael Bryant, further in-person testimony necessary to comply with the summons and investigate respondent's federal income tax liability for the years 2008, 2009, 2010, and 2011.


Dated:  March 15, 2017                                    /s/ Ellen S. Carmody            
                                                         ELLEN S. CARMODY
                                                         United States Magistrate Judge

## NOTICE TO PARTIES

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).